# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| Jason Koepke, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-559 |
| | § | |
| RFFC Financial, LLC, Equifax | § | |
| Information Services, LLC, and | § | |
| TransUnion, LLC | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

COMES NOW Plaintiff, Jason Koepke ("Plaintiff"), by and through counsel undersigned, and for his cause of action against the Defendants above-named alleges as follows:

### INTRODUCTION

1.     This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.

### PARTIES

2.     Plaintiff is a resident of the County of Hopkins, Texas.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.     Defendant, RFFC Financial, LLC is limited liability company existing under the laws of the State of Texas and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5.       Defendant Equifax Information Services, LLC is a limited liability company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

6.       Defendant TransUnion, LLC is a limited liability company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

7.       Defendants Equifax and TransUnion are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

JURISDICTION AND VENUE

8.       That the Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. §1331.

9.       Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.      Plaintiff held a commercial finance agreement for a revolving line of credit with RFFC ("the Account").

11.      During the course of repayment of the Account, Plaintiff entered into a settlement agreement with McNeil and Meyers Asset Management Group, LLC, a collection agency acting as RFFC's agent, for full and final settlement of Plaintiff's obligation with respect to the Account.

12.      Plaintiff made all requisite payments to satisfy his obligation under the settlement agreement, thereby resolving his liability on the Account.

13.      McNeil and Meyers sent a letter to Plaintiff on May 6, 2019 indicating that

he no longer owed any money on the Account, and that the Account would be reported to the credit reporting agencies as "Settled in Full".

14.     In spite of receiving the full benefit of the settlement agreement, and releasing Plaintiff from liability on the Account, RFFC continued, erroneously, to report a balance due and owing on the Account to Equifax and Trans Union, and also to Experian Information Solutions, Inc. – a credit reporting agency not named as a defendant in this matter.

15.     The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

16.     Equifax and Trans Union published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

17.     On or about March 16, 2020 Plaintiff sent written dispute letters to Experian, Equifax, and TransUnion disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report (the "Dispute").

18.     Upon information and belief, Defendants Experian, Equifax, and TransUnion forwarded Plaintiff's Dispute to Defendant RFFC for reinvestigation.

19.     Upon information and belief, RFFC received notification of Plaintiff's Dispute from Experian, Equifax, and TransUnion.

20.     RFFC failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to

the disputed information and the accuracy of the Account.

21.     Defendants Equifax and TransUnion each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

22.     Contrastingly, Experian received Plaintiff's Dispute and immediately corrected the false information reporting on his Experian consumer report.

23.     Upon information and belief, RFFC failed to instruct Equifax and TransUnion to each remove the false information regarding the Account reporting on Plaintiff's consumer reports.

24.     Equifax and TransUnion each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute.

25.     Equifax and TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer reports.

26.     At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – RFFC

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

27.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

28.     After receiving the Dispute, RFFC failed to correct the false information

regarding the Account reporting on Plaintiff's consumer report.

29.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant RFFC's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant RFFC's representations to consumer credit reporting agencies, among other unlawful conduct.

30.     As a result of this conduct, action, and inaction of Defendant RFFC, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

31.     Defendant RFFC's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

32.     In the alternative, Defendant RFFC was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

33.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant RFFC pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

<u>COUNT II – Equifax</u>

<u>(Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))</u>

34.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set

forth herein.

35.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

37.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

40.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

41.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.     Defendant Equifax conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – Trans Union

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

48.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49.     After receiving the Dispute, Trans Union failed to correct the false

information regarding the Account reporting on Plaintiff's consumer report.

50.     Defendant Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Trans Union published and maintained concerning Plaintiff.

51.     As a result of this conduct, action and inaction of Defendant Trans Union, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52.     Defendant Trans Union's conduct, action, and inaction were willful, rendering Defendant Trans Union liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant Trans Union was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

54.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Trans Union, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – Trans Union

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

55.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

56.     After receiving the Dispute, Trans Union failed to correct the false

information regarding the Account reporting on Plaintiff's consumer report.

57.     Defendant Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

58.     As a result of this conduct, action and inaction of Defendant Trans Union, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59.     Defendant Trans Union conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60.     In the alternative, Defendant Trans Union was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Trans Union pursuant to 15 U.S.C. §1681n and/or §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:    July 20, 2020

MCCARTHY LAW, PLC

*/s/ Joseph Panvini*
MCCARTHY LAW, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff